UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIANNE PAUL and ROBERT PAUL,

Plaintiffs,

v.

HOLLAND AMERICA LINE, INC., *et al.*,

Defendants.

CASE NO.  C05-2016RSM

MEMORANDUM ORDER
GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT RE: EMOTIONAL
DISTRESS

## I.  INTRODUCTION

This matter comes before the Court on defendants' Motion for Summary Judgment regarding emotional distress.  (Dkt. #46).  Defendants ask the Court to dismiss plaintiff Robert Paul's claim for negligent infliction of emotional distress, on the basis that it is explicitly barred by the Cruise and Cruisetour Contract.  Plaintiffs respond that defendants' limitation of liability clause was not reasonably communicated, and therefore, it is without force.  (Dkt. #56).  For the reasons set forth below, the Court disagrees with plaintiffs and GRANTS defendants' motion for partial summary judgment.

## II.  DISCUSSION

### A.  Background

In March 2004, plaintiffs embarked on a cruise from Buenos Aires, Argentina to

ORDER
PAGE - 1

Santiago, Chile, on Holland America Line vessel ms AMSTERDAM.  Plaintiff Marianne Paul alleges that near the end of her cruise she became ill, exhibiting symptoms of fatigue and leg cramping.

Plaintiffs disembarked on March 31, 2004, and returned home to San Diego, California.  Over the subsequent weeks, plaintiff Marianne Paul continued to experience symptoms of fatigue and cramping.  On May 25, 2004, she collapsed in her home.  Plaintiff Robert Paul, her husband, discovered her in the bathroom adjacent to their bedroom.  Mrs. Paul did not appear to be breathing and her face was purple.  Mr. Paul called 911 and Mrs. Paul was rushed to the hospital.  There, emergency room doctors discovered that she was suffering from a complete heart block and severe cardiomyopathy.  Surgery was performed to remove the block.  A permanent defibrillator was later implanted.

Mr. Paul was not allowed to travel with his wife to the hospital, so he drove himself.  He asserts that he had a great deal of difficulty concentrating on driving, and almost got into an accident himself.  Upon arriving at the hospital he saw the aid car that had transported his wife, and one of the paramedics was standing next to it.  Mr. Paul started walking toward the emergency room entrance, but felt like he was going to collapse, so he stopped and held onto a car for support.  The paramedic then approached him and told him that a hospital chaplain wanted to talk to him.

Mr. Paul states that he had several physical reactions to this experience.  He states that he suffered increased blood pressure and heart rate.  He also states that he has suffered from nightmares, and that his personality has changed in that he has become more serious and short-tempered.  When Mr. Paul reported those symptoms to his doctor, he was referred to a psychiatrist who diagnosed him with post traumatic stress disorder and prescribed Prozac.  Mr. Paul apparently continues to take Prozac to this date.

In the instant action, Mr. Paul alleges negligent infliction of emotion distress based on

ORDER
PAGE - 2

finding his wife unconscious and the ensuing events.  Defendants ask the Court to dismiss that claim, asserting that it is precluded by the terms of the Cruise and Cruisetour Contract.

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions.  *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

ORDER
PAGE - 3

**C.  Applicable Law**

A cruise line passage contract is a maritime contract governed by federal maritime law. *Wallis v. Princess Cruises*, 306 F.3d 827, 834 (9th Cir. 2002).  A limitation of liability provision is incorporated into a passenger ticket contract where the carrier "'reasonably communicated to its passengers that the contractual term affects their legal rights.'"  *Mills v. Renaissance Cruises*, 1993 A.M.C. 131 (N.D. Cal. 1993) (citation omitted).  The question of whether such provision was reasonably communicated to the passenger is a question of law for the court, and depends on an analysis of the overall circumstances of the case.  *Id.*

**D.  Enforceability of Liability Limitation**

The Ninth Circuit employs a two-pronged "reasonable communicativeness" test to determine under federal common law and maritime law when the passenger of a common carrier is contractually bound by the fine print of a passenger ticket.  *Wallis*, 306 F.3d at 835 (citations omitted).  The Court looks at the overall circumstances on a case-by-case basis, "'with an examination not only of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake.'"  *Id.* (citation omitted).

> The first prong of the reasonable communicativeness test focuses on the physical characteristics of the ticket.   Here we assess 'features such as size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions in question.'

*Wallis*, 306 F.3d at 836 (internal quotations and citations omitted).  In the instant case, plaintiffs contend that their Cruise and Cruisetour Contract was not sufficiently conspicuous nor clear enough to have been reasonably communicated.  The Court disagrees.

The passenger contract begins on page 13 of plaintiffs' travel documents packet.  In large, capital letters on the right hand side of each odd-numbered page of that contract appears the word "CONTRACT."  (Dkt. #29, Ex. B).  In the lower right-hand side of page 13 is stated "Issued subject to the terms and conditions on this page and the following pages.  Read terms

ORDER
PAGE - 4

and conditions carefully." (Dkt. #29, Ex. B). Page 14 consists of an "important notice to passengers" in large, capital letters, stating that the document is a legally binding contract subject to the terms and provisions contained in the document, and directing the passenger to pay particular attention to clauses governing limitations of legal rights, and particularly section A.4. (Dkt. #29, Ex. B). The liability limitation provision itself is found in section A.4. on page 17 of the booklet, and is set forth under the title "Limitation on Liability/Non-HAL Services." The provision is printed in small type over other images.

Just as this Court found in its previous Order on summary judgment, it now finds that the physical characteristics of the ticket in this case are such that the terms and conditions are sufficiently conspicuous to the passenger. *See Wallis*, 306 F.3d at 836; *Mills*, 1993 A.M.C. at 133. Although the limitation on liability is buried on page 17 in small type, the "important notice" warning advises the passenger that certain provisions limit his or her legal rights, and explicitly notes the liability limitation paragraph at issue here. Moreover, this Court has consistently found this same provision to have provided reasonable notice of the liability limitation. *Wyler v. Holland America Line*, 2003 A.M.C. 408 (W.D. Wash. 2003); *Cummings v. Holland America Line Westours, Inc.*, 1999 A.M.C. (W.D. Wash. 1999); *Silware v. Holland America Line Westours Inc.*, 1998 A.M.C. 2262 (W.D. Wash. 1998); *Davis v. Wind Song, Ltd.*, 809 F. Supp. 76 (W.D. Wash. 1992).

The second prong of the reasonable communicativeness test requires the Court to evaluate the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract. *Wallis*, 306 F.3d at 836. "The surrounding circumstances to be considered include the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." *Id.* (citation omitted). This prong allows a more subjective examination of the "'extrinsic factors indicating the passenger's ability to become meaningfully informed.'" *Id.*

ORDER
PAGE - 5

(citation omitted).

Plaintiffs argue that their contract was confusing because it appears to refer only to non-HAL services and because the term "you" is confusing. The Court is not persuaded. First, the language of the paragraph is clear. Subsections (a) and (b) contain limits on liability in certain circumstances, and clearly state when liability will attach. Subsection (c) addresses liability with respect to non-HAL services such as transportation, shore excursions and other onshore activities. In their brief, plaintiffs misquote the language of this paragraph in an attempt to persuade the Court that it is confusing or misleading. However, when read accurately, the language is clear, and the Court finds that it is sufficient to put plaintiffs on notice of the liability limitation.[1]

Furthermore, the Court finds nothing confusing or ambiguous about the contract's use of the word "you" even when the contract applies to multiple passengers. The Court agrees with defendants that the only reasonable way to read the provision is that Mr. Paul may only recover for his emotional distress claim if it was the result of physical injury to him, or if it was the result of him being at risk of physical injury. Accordingly, for all of these reasons, the Court finds that the provision was reasonably communicated to plaintiffs is enforceable as a matter of law. As a result, the Court finds that summary judgment in favor of defendants is appropriate, and will dismiss Robert Paul's negligent infliction of emotional distress claim.

### III. CONCLUSION

Having reviewed defendants' motion for summary judgment (Dkt. #46), plaintiffs' opposition (Dkt. #56), defendants' reply (Dkt. #68), the declarations and exhibits in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. #46) is GRANTED. For the

---

[1] It is important to note that this Court has found the language of this limitation to be clear and reasonable even where the passenger was not a native English speaker. *Wyler*, 2003 A.M.C. at *5-7.

ORDER
PAGE - 6

1   reasons set forth above, the Court finds that Robert Paul's claim for negligent infliction of

2   emotional distress is DISMISSED.

3          (2)  In its previous Order on summary judgment (Dkt. #60), the Court erroneously

4   dismissed Robert Paul as a plaintiff to this action.  <u>Accordingly, Robert Paul is hereby</u>

5   <u>REINSTATED as a plaintiff to this action unless and until the parties inform the Court that he</u>

6   <u>no longer pursues any causes of action in this suit</u>.

7          (3)  The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

8          DATED this 6th day of December, 2006.

9

10                                      RICARDO S. MARTINEZ
                                        UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 7